### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOHN CLARK GILLAM AND DANIEL
FREUMAN,

        Plaintiffs,

    v.

RODRIGO ABREU,

        Defendant.

No. 18 C 5988

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Plaintiffs John Clark Gillam and Daniel Freuman filed a motion for attorneys' fees and costs [73]. Defendant Rodrigo Abreu did not respond. For the following reasons, the Court grants Plaintiffs' motion and awards Plaintiffs $54,152.61 in attorneys' fees and costs.

### Background

Plaintiffs John Clark Gillam and Daniel Freuman brought this action against Defendant Rodrigo Abreu, alleging that Defendant breached Custodian Agreements pertaining to the management of Plaintiffs' crypto asset investments and otherwise defrauded Plaintiffs. On December 3, 2021, Plaintiffs filed a motion for entry of default judgment against Defendant. R. 64. The Court granted Plaintiffs' motion and entered default judgment on February 25, 2022. R. 68, 69. The Court awarded attorneys' fees incurred through October 26, 2021 and post-judgment interest and costs pursuant to Rule 54(d) and the Custodian Agreements, which state that Defendant "shall indemnify [Plaintiffs] from and against any and all losses,

1

liabilities, claims, damages, costs and expenses of every kind and character, including reasonable attorneys' expenses, resulting from or relating to or arising out of the nonfulfillment or breach of any covenant or agreement made by [Defendant] in this Agreement." R. 73 at 2 (quoting R. 1-1).

Plaintiffs sought to file their motion for attorneys' fees and costs on March 11, 2022 but were unable to do so due to a PACER system error. *See* R. 71. Plaintiffs moved to file their motion for attorneys' fees and costs instanter, which the Court granted on March 16, 2022. *See id.*; R. 72. That day, Plaintiffs filed the present motion, seeking attorneys' fees and costs accrued after October 26, 2021 in the amount of $69,641.54. R. 73. Plaintiffs stated that they accrued an additional $62,097.50 in attorneys' fees and $7,544.04 in costs in pursuit of default judgment and the present motion. *Id.* at 4. Plaintiffs attached the bill of costs to their motion but did not include any support for the stated amount in attorneys' fees, offering instead to provide copies of legal invoices under seal. *Id.* at 2, 4. Defendant did not respond to Plaintiffs' motion. Plaintiffs filed a reply. *See* R. 77.

The case was transferred to the undersigned on October 6, 2022. *See* R. 79. The Court requested that Plaintiffs provide copies of legal invoices in support of their request for attorneys' fees under seal, which Plaintiffs filed on December 29, 2022. *See* R. 81, 82, 83, 84. The amount in attorneys' fees and costs reflected in the legal invoices totaled $54,152.61. *See* R. 83-1.

## Legal Standard

Federal Rule of Civil Procedure 54(d) provides that the prevailing party should be allowed to recover costs other than attorneys' fees unless a statute, other rule, or

the court provides otherwise. Fed. R. Civ. P. 54(d). A district court reviewing a bill of costs should keep in mind that "there is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005). A district court must ensure that the costs are recoverable and reasonable. *See Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). Rule 54(d)(2) also provides that a claim for attorneys' fees must be made by motion filed no later than 14 days after the entry of judgment specifying the grounds entitling the movant to the award and the amount sought. Fed. R. Civ. P. 54(d)(2).

## Analysis

Plaintiffs ask the Court to award $53,934.50 in attorneys' fees and $218.11 in costs.

### I.    Attorneys' Fees

Plaintiffs argue that they are entitled to attorneys' fees pursuant to Rule 54(d)(2) and the Custodian Agreements. "Prevailing parties are not automatically entitled to attorneys' fees under Rule 54(d) but may file a motion requesting fees pursuant to a contractual agreement" within 14 days of the entry of judgment. *Riley v. Argonaut Midwest Holdings, LLC*, No. 06 C 5026, 2007 WL 2908824, at *1 (N.D. Ill. Oct. 4, 2007) (citing Fed. R. Civ. P. 54(d)(2)(A)-(C)). Here, Plaintiffs timely filed their motion requesting attorneys' fees. *See* R. 72. Further, the Custodian Agreements state that Defendant must indemnify Plaintiffs from "costs and expenses of every kind and character, including reasonable attorneys' expenses, resulting from or relating to or arising out of the nonfulfillment or breach of any covenant or

3

agreement made by [Defendant] in this Agreement." Plaintiffs argue that this provision entitles them to attorneys' fees that they have incurred since October 26, 2021 because the motion for entry of default judgment and the present motion for attorneys' fees and costs relate to Defendant's breach. Though Defendant was provided the opportunity to oppose this argument, he did not do so. Accordingly, the Court finds that Plaintiffs are entitled to reasonable attorneys' fees incurred since October 26, 2021.

Plaintiffs state that they incurred $53,934.50 in attorneys' fees in pursuit of their motion for the entry of default judgment and the present motion. In support of the stated amount, Plaintiffs provided legal invoices documenting the hours worked and the work performed in connection with the motion for entry of default judgment and the present motion. *See* R. 83. Defendant has not contested the stated amount. The Court thus finds that the stated amount is reasonable. *See Riley*, 2007 WL 2908824, at *1-2 (awarding plaintiff the requested amount in attorneys' fees where defendant agreed to pay all reasonable attorneys' fees, plaintiff supplied legal invoices, and defendant did not contest plaintiff's motion). Therefore, the Court awards Plaintiffs attorneys' fees in the amount of $53,934.50.

II.    Costs

Plaintiffs further argue that they are entitled to $218.11 in costs pursuant to Rule 54(d). That amount reflects "necessary" costs incurred for duplication, color duplication, postage, and courier services. *See* R. 83. A prevailing party may recover costs for copies of materials that were "necessarily obtained for use in the case." 28

U.S.C. § 1920. Additionally, the Seventh Circuit has construed section 1920 to include amounts spent on postage and delivery charges. *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008); *see also Perez v. Staples Cont. & Com. LLC*, No. 16-CV-7481, 2021 WL 4034075, at *3 (N.D. Ill. Sept. 3, 2021) (overruling plaintiff's objections to defendant's requests for copying and courier costs). Here too, Plaintiffs' request is supported by a bill of costs and legal invoices. *See* R. 73, 83. Because Defendant has not objected to the requested costs as unrecoverable or unreasonable, the Court awards Plaintiffs costs in the amount of $218.11.

## Conclusion

For the foregoing reasons, the Court grants Plaintiffs' motion for attorneys' fees and costs. The Court awards Plaintiffs $54,152.61 in attorneys' fees and costs.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: January 17, 2023

5